HOTEL WINDSOR PARK, Inc., a
corporation, Appellant,

v.

ARCO CONTRACTORS, Inc., Appellee.

No. 1961.

Municipal Court of Appeals for the
District of Columbia.

Argued April 29, 1957.

Decided July 18, 1957.

Herman Miller, Washington, D. C., for appellant.

Alton S. Bradford, Washington, D. C., with whom Raymond D. Clark, was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from a judgment against appellant (hereafter called the hotel), as garnishee, in favor of appellee (hereafter called Arco). Arco had caused the garnishments to issue in an action brought by it against June, Richard and George Arnold (hereafter called the Arnolds).

The hotel had engaged the Arnolds to give a series of entertainments at the hotel. This entertainment, styled "Ice Capers," required an ice rink, and under their contract with the hotel the Arnolds were required to arrange and pay for installation of the rink. They engaged Arco to do the installation but failed to pay for it in full, and Arco sued the Arnolds and eventually obtained judgment against them for $1,619.22.

After commencing its suit against the Arnolds, but before obtaining judgment, Arco caused several garnishments to be issued against the hotel on the ground that the Arnolds were nonresidents. To each garnishment the hotel answered that it was not indebted to the Arnolds. Arco traversed the answers to the garnishments and a hearing was had on the traverse after judgment was obtained against the Arnolds. At the hearing it was developed that from April 7 to June 11 the hotel paid the Arnolds periodically a total of $9,800, of which total the following sums were paid in the month of May: $1,500 on the 7th, $800 on the 13th, $800 on the 18th, $600 on the 23d, and $600 on the 29th. Yet on May 2, May 14 and May 28 the hotel answered that it was not indebted to the Arnolds. The manager of the hotel attempted to explain these answers by saying that when the attachments were served the Arnolds were indebted to the hotel for accommodations and that the payment checks, or at least a portion thereof, were applied to the account of the Arnolds with the hotel.

■ The hotel contends that the trial court was in error in finding that it was indebted to the Arnolds between the dates of service of the garnishments and the answers thereto. We think the evidence presented a factual issue and the trial court was justified in ruling as it did.

■ The hotel also claims that the traverse to its answers was filed too late. It relies on the trial court's rule 69(c), which requires that "Applications for judgment shall be filed within four weeks after answer has been filed by the garnishee," or otherwise the garnishment shall lapse. This rule expressly refers to garnishments under Code 1951, § 15–312, relating to garnishments after judgment. The garnishments here were issued before judgment under Code, § 16–301 and Code, § 16–319 expressly forbids judgment against a garnishee until the action against the defendant is determined. The cited rule has no application here.

■ Finally the hotel contends it was error to permit the garnishments to be amended so as to correctly state the hotel's name. The garnishments were issued to "Windsor Park Hotel", although it appears that the corporate name of the garnishee is Hotel Windsor Park, Inc. The use of the incorrect name neither prejudiced nor misled the hotel. It knew the garnishments were issued against it and it promptly answered them under its correct name. The amendment was properly allowed.

Affirmed.